UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER BORMUTH,

           Plaintiff,

v.

GRETCHEN WHITMER,

           Defendant.

_____/

Case No. 2:20-cv-11399
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO DENY AS MOOT PLAINTIFF'S MAY 23, 2020 MOTION FOR TEMPORARY RESTRAINING ORDER AND EMERGENCY INJUNCTION (ECF No. 8)

**I.   RECOMMENDATION:**  The Court should **DENY AS MOOT** Plaintiff's May 23, 2020 motion for temporary restraining order and emergency injunction (ECF No. 8).  This report does not address Defendant's June 24, 2020 motion to dismiss (ECF No. 22) or the parties' responses to the October 9, 2020 show cause order (ECF Nos. 36, 37 and 38), all of which will be addressed under separate cover.

**II.   REPORT:**

Judge Goldsmith has referred this case to me for pretrial matters.  (ECF No. 10.)  Currently pending before the Court are two dispositive motions:  (1) Plaintiff's May 23, 2020 motion for temporary restraining order and emergency

injunction (ECF No. 8), regarding which the parties have filed timely responses and replies (ECF Nos. 17, 21, 28 and 24); and, (2) Defendant Whitmer's June 24, 2020 motion to dismiss (ECF No. 22), regarding which the parties have filed a timely response and reply (ECF Nos. 23, 29, and 30) and responses to a related show cause order (ECF Nos. 36, 37, and 38).

Since the Court's July 9, 2020 video hearing (ECF No. 26), at which point the Court took the motion for injunctive relief under advisement, the landscape of the Governor's coronavirus-related executive orders has changed.  Importantly, on October 2, 2020, in a case unrelated to the instant matter and on a certified question from the Western District of Michigan, the Michigan Supreme Court determined that:  (1) "the Governor did not possess the authority under the Emergency Management Act of 1976 (the EMA), MCL 30.401 *et seq.*, to declare a 'state of emergency' or 'state of disaster' based on the COVID-19 pandemic after April 30, 2020;" and, (2) "the Governor does not possess the authority to exercise emergency powers under the Emergency Powers of the Governor Act of 1945 (the EPGA), MCL 10.31 *et seq.*, because that act is an unlawful delegation of legislative power to the executive branch in violation of the Michigan Constitution."  *In re Certified Questions From United States Dist. Court , W. Dist. of Michigan, S. Div.*, No. 161492, 2020 WL 5877599, *3 (Mich. Oct. 2, 2020).  On October 12, 2020, the Michigan Supreme Court denied the Governor's motion to

stay the October 2nd decision.  *In re Certified Questions from United States District Court*, 949 N.W.2d 274 (Mich. 2020) (Mem).  Thus, it is clear that the Michigan Supreme Court's October 2nd decision has already taken effect and that Governor Whitmer's COVID-19 executive orders are no longer in force.

Accordingly, Plaintiff's May 23, 2020 motion for temporary restraining order and emergency injunction (ECF No. 8), which requests entry of "an immediate injunction restraining Defendants, their agents, employees, and those acting in concert with them from applying Emergency [sic] Order 2020-77, paragraph 16 in a manner infringing Plaintiffs' constitutionally protected rights and that a bond be waived or that only nominal bond be required[,]" (ECF No. 8, PageID.187-188, should be **DENIED AS MOOT**.  EO 2020-77, upon which this lawsuit is based, was issued on May 7, 2020.  *See* www.michigan.gov/coronavirus. Thus, Section 16 of EO 2020-77, and any of the Governor's subsequent executive orders with the same or similar provisions – *e.g.*, EO 2020-110 Sec. 16, EO 2020-115 Sec. 12, and EO 2020-176 Sec. 14, are subject to the Michigan Supreme Court's statement that "the executive orders issued by the Governor in response to the COVID-19 pandemic now lack any basis under Michigan law."  *In re Certified Questions From United States Dist. Court , W. Dist. of Michigan, S. Div.*, 2020 WL 5877599, at *3.  Stated otherwise, this Court need not restrain application of an order that that Michigan Supreme Court has already negated.

Nonetheless, the Court must still consider the merits of Defendant

Whitmer's June 24, 2020 motion (ECF No. 22) to dismiss, including the parties'

responses to the October 9, 2020 show cause order (ECF Nos. 36, 37 and 38), as to

which a separate report and recommendation will issue.

## III.   PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No.

2," *etc.*  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: November 13, 2020

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE