UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER BORMUTH,

        Plaintiff,　　　　　　　　　　　　Case No. 20-11399
vs.　　　　　　　　　　　　　　　　　　　HON. MARK A. GOLDSMITH

GRETCHEN WHITMER,

        Defendant.
_____/

**OPINION & ORDER
(1) ADOPTING TWO REPORTS AND RECOMMENDATIONS BY THE MAGISTRATE JUDGE (Dkts. 39, 41); (2) OVERRULING THE OBJECTIONS THERETO (Dkts. 42, 47); (3) DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (Dkt. 8); (4) GRANTING THE MOTION TO DISMISS (Dkt. 22); (5) OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S 11/20/2020 PROCEDURAL ORDER (Dkt. 43); AND (6) RESERVING JUDGMENT IN THE CASE**

Plaintiff Peter Bormuth filed this action against Michigan Governor Gretchen Whitmer, challenging paragraph 16 of Executive Order 2020-77, one of several orders that she issued in response to the coronavirus pandemic. See Am. Compl. (Dkt. 27). Bormuth objects to the alleged special treatment that Christian institutions received through this paragraph of the executive order, claiming that it (i) constitutes government favoritism in violation of the Establishment Clause of the First Amendment; (ii) violates the Equal Protection Clause of the Fourteenth Amendment by failing to provide Pagans, such as Bormuth, with commensurate accommodations; and (iii) violates the Michigan Constitution's guarantee that "[t]he civil and political rights, privileges and capacities of no person shall be diminished or enlarged on account of his religious belief," Mich. Const. art. I, § 4. The complaint requests a declaratory judgment that paragraph 16 is unlawful and unconstitutional and an injunction (i) requiring the Governor to remove paragraph 16 from

Executive Order 2020-77 and (ii) preventing her from including it in any future executive order. Am. Compl. at PageID.710.

Bormuth moved for a temporary restraining order and preliminary injunction (Dkt. 8); Governor Whitmer moved to dismiss (Dkt. 22). Magistrate Judge Anthony Patti has issued reports and recommendations (R&Rs) to deny the former (Dkt. 39) ("TRO/PI R&R"), and to grant the latter (Dkt. 41) ("MTD R&R"). Bormuth has objected to each (Dkts. 42, 47). He has also objected to the magistrate judge's order denying his motions to supplement the briefing (Dkt. 43).

Because the executive order at issue is no longer operative, and there has been no showing of a foreseeable threat of reinstatement of a similar executive order by the Governor, the complaint must be dismissed as moot, and the motion for temporary restraining order and preliminary injunction must be denied as moot. However, because Bormuth has filed a motion to file a supplemental complaint (Dkt. 44), which is currently pending before the magistrate judge, this action as a whole will not be dismissed, and judgment will not presently issue.

## I. STANDARD OF DECISION

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any issues raised for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013) (citing Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

## II. ANALYSIS

The factual and procedural background has been adequately set forth by the magistrate judge and need not be repeated here in full. As discussed in the MTD R&R, Governor Whitmer issued a series of executive orders beginning with a March 10, 2020 declaration of a state of emergency. See MTD R&R at 1-4. On October 2, 2020, the Michigan Supreme Court determined the following:

> [F]irst, the Governor did not possess the authority under the Emergency Management Act of 1976 (the EMA), MCL 30.401 et seq., to declare a "state of emergency" or "state of disaster" based on the COVID-19 pandemic after April 30, 2020; and second, the Governor does not possess the authority to exercise emergency powers under the Emergency Powers of the Governor Act of 1945 (the EPGA), MCL 10.31 et seq., because that act is an unlawful delegation of legislative power to the executive branch in violation of the Michigan Constitution.

In re Certified Questions From United States Dist. Ct., W. Dist. of Michigan, S. Div., No. 161492, 2020 WL 5877599, at *3 (Mich. Oct. 2, 2020).

### A. MTD R&R

After In re Certified Questions issued, Magistrate Judge Patti recommended granting the motion to dismiss because "there is simply nothing of [Governor Whitmer's] Executives Orders left to enjoin." MTD R&R at 11 (internal marks and citations omitted). This Court agrees and dismisses the complaint as moot.

Bormuth's objection to the recommendation that the complaint be dismissed as moot are without merit. He claims that the EMA is still valid and might be invoked in a future emergency. See Objs. to MTD R&R at PageID.1210-1211 (Dkt. 47). However, his claim that "bat-borne coronaviruses" will cause new and distinct outbreaks, id. at PageID.1124-1125, does not rise beyond the realm of speculation and conjecture, falling well short of the case or controversy requirement for this Court's jurisdiction. See generally City of Los Angeles v. Lyons, 461 U.S. 95 (1983) (denying injunctive relief to the alleged victim of a police chokehold, where the plaintiff

could only speculate that he would again be subject to a chokehold absent an injunction barring the practice).

Bormuth next objects on the ground that "[t]his case fits comfortably within the established exception to mootness for disputes capable of repetition, yet evading review." Objs. to MTD R&R at PageID.1211-1212. As he correctly states, "[t]he exception applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Fed. Election Comm'n v. Wisconsin Right To Life, Inc., 551 U.S. 449, 462 (2007) (internal quotation marks and citations omitted). However, in light of the Michigan Supreme Court's order in In re Certified Questions, there is no reasonable expectation that Bormuth will again be subject to an unlawful executive order issued by the Governor responding to the coronavirus pandemic.

The remainder of Bormuth's objections to the MTD R&R's mootness determination relate to the fact that after In re Certified Questions issued, Robert Gordon, then the director of the Michigan Department of Health and Human Services, issued an order imposing various coronavirus-related restrictions and containing various exemptions for religious practice.[1] According to Bormuth, Gordon's orders simply replace Governor Whitmer's orders, either rendering the case no longer moot, or showing that they were never moot at all. However, Gordon and his successor at MDHHS are distinct legal persons from Governor Whitmer, and they have

---

[1] See Gatherings and Face Mask Order, https://www.michigan.gov/documents/coronavirus/2020.10.29_Gatherings_and_Masks_order_-_signed_706520_7.pdf, https://perma.cc/PB5E-HJXM (Oct. 29, 2020). That order has since been rescinded and replaced. See generally MDDHS Epidemic Orders, https://www.michigan.gov/coronavirus/0,9753,7-406-98178_98455-533660--,00.html, https://perma.cc/B8J4-EM3N.

never been named as defendants in this suit. In a claim against a state officer for injunctive relief, "[t]he proper defendant . . . is the individual alleged to have committed the violation of federal law." Crugher v. Prelesnik, No. 1:13-CV-416, 2013 WL 5592969, at *3 (W.D. Mich. Oct. 10, 2013), aff'd on other grounds, 761 F.3d 610 (6th Cir. 2014). The current complaint does not allege any wrongdoing by Gordon or his successor, and it does not allege that Governor Whitmer violated federal law by acting through Gordon or the office he represented. Therefore, the orders issued by Gordon provide no basis for the Court to sustain Bormuth's objection to the R&R's mootness determination.

The remaining objections need not be addressed, because mootness provides a sufficient basis for granting the motion to dismiss. Accordingly, the motion to dismiss (Dkt. 22) is granted.

### B. TRO/PI R&R

Bormuth raised several objections to the TRO/PI R&R. See Objs. to TRO/PI R&R (Dkt. 42). The first is that in a version of Bormuth's since-superseded complaint (Dkt. 7), filed on the same day as the motion for temporary restraining order and preliminary injunction (Dkt. 8), Bormuth requested an injunction to close churches. Id. at PageID. 1079-1080. He claims that the magistrate judge's determination that it need not enjoin an order negated by In re Certified Question did not apply to this request for injunctive relief, which was distinct from the executive orders. However, Bormuth did not request an injunction to close churches in his motion—it was only present in the complaint—so the magistrate judge properly did not consider it when evaluating the motion. See TRO/PI Mot. at PageID.186-187 (Dkt. 8). Bormuth's first objection, therefore, is overruled.

5

Bormuth's second, third, and fourth objections relate to the TRO/PI R&R's determination that the motion was moot. These objections proceed along the same lines as Bormuth's objections to the MTD R&R and are, therefore, overruled for the same reasons.

Bormuth's fifth objection is that the magistrate judge improperly delayed ruling on this motion until In re Certified Questions gave the magistrate judge a basis to moot the request, which Bormuth claims was a "deliberate and prejudicial" action motivated by the magistrate judge's prioritization of "his partisan interest in the Catholic Church and the Catholic religion" over his duty to the Constitution and the office he holds. Objs. to TRO/PI R&R at PageID.1086-1088. This accusation is quite literally baseless, as Bormuth presents no evidence that the magistrate judge acted in any way based on a claimed overriding allegiance to the Catholic religion. A judicial officer's religious practices or beliefs do not provide any basis for impugning the officer's commitment to impartial judicial decision-making unless there is a showing that the judicial officer did not set those beliefs and practices aside in making his or her decision. See Green v. Nevers, 111 F.3d 1295, 1303-1304 (6th Cir. 1997) (holding that disqualification requests must be substantiated by evidence, not by "conclusory and unsubstantial allegations"). Bormuth makes no such showing here. In any case, the undersigned has independently reviewed the law and facts, applying a de novo standard of review, and concludes that the magistrate judge's recommended disposition was proper. The objection is, therefore, overruled.

### C. Remaining Matters

Two matters warranting discussion remain. The first is Bormuth's objections (Dkt. 43) to a November 20, 2020 order issued by the magistrate judge (Dkt. 40) denying Bormuth's motions to supplement the briefing (Dkts. 31, 33), and striking a declaration filed on the docket (Dkt. 32).

These objections are overruled as moot, because they relate to moot claims against Governor Whitmer.

The second matter is the disposition of this action. Bormuth has filed a motion to file a supplemental complaint in which he would add the MDHHS director as a defendant (Dkt. 44). Until that motion is decided, it would be improper to issue a judgment in this case. Therefore, although the complaint is dismissed, the Court exercises its discretion to retain jurisdiction over this action. See Azar v. Conley, 480 F.2d 220, 223 (6th Cir. 1973) ("There is a considerable body of case law, which appears to us to be well-founded, distinguishing between a judgment which dismisses the action and therefore is a final judgment and one that only dismisses the complaint without dismissing the action.")

### III. CONCLUSION

For the reasons stated above, the motion to dismiss (Dkt. 22) is granted, and the motion for a temporary restraining order and a preliminary injunction (Dkt. 8) is denied. The R&Rs recommending this course of action (Dkts. 39, 41) are adopted. Bormuth's objections to these orders and to the order issued on November 20, 2020 (Dkts. 42, 43, 47) are overruled.[2] This case remains open pending disposition of Bormuth's motion to file a supplemental complaint.

SO ORDERED.

Dated: March 10, 2021         s/Mark A. Goldsmith
   Detroit, Michigan        MARK A. GOLDSMITH
                                 United States District Judge

---

[2] The Court also strikes objections Bormuth filed (Dkts. 45, 46) that were superseded by his corrected objection (Dkt. 41).

8

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 10, 2021.

                                                s/Karri Sandusky
                                                Case Manager